IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIC JOSEPH ABBOTT, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1310 |
| | ) | Chief U.S. Magistrate Judge Amy Reynolds Hay |
| WARDEN RICHARD GIGLIOTTI; | ) | |
| DISTRICT ATTORNEY; CHRISTINE | ) | |
| STUDENY, ASST. DISTRICT | ) | |
| ATTORNEY, | ) | |
| | ) | |
| Respondents | ) | |

**MEMORANDUM OPINION AND ORDER**[1]

HAY, Chief Magistrate Judge

Dominic Joseph Abbott ("Petitioner"), a state prisoner, has filed a habeas petition

pursuant to 28 U.S.C. 2254 seeking to challenge his 2004 conviction for aggravated assault in the

beating of his then girlfriend ,with the result that she suffered a fractured jaw.  Petitioner was

found guilty of the charges by a jury after proceeding pro se during his trial with stand-by

counsel.

The charges stem from an altercation between Petitioner and his girlfriend in a car, where

there were also two other witnesses, the girlfriend's son and the son's friend.  Both witnesses

were young, both being seven years old at the time.  Petitioner's main claim herein is that his

constitutional rights were violated because the son gave a statement to the police indicating that

he did not see Petitioner strike the victim and the prosecution did not produce this evidence to

Petitioner.  Because the claim is procedurally defaulted due to Petitioner's failure to file a direct

---

[1]  All currently interested parties have consented to have the Magistrate Judge exercise plenary
jurisdiction and enter final judgment.  Dkt. [19] (Petitioner); Dkt. [28] (Respondents).

appeal, the claim cannot provide a ground for relief.  Alternatively, because the PCRA Court

found as a fact that Petitioner had been given this evidence and Petitioner has not rebutted this

factual finding, the claim is factually frivolous and therefore meritless.  Alternatively, Petitioner

has failed to show that the state courts' adjudication of his claim was contrary to or an

unreasonable application of United States Supreme Court precedent or that the state courts

unreasonably determined facts.  Hence, under AEDPA, Petitioner has failed to carry his burden

to show entitlement to habeas relief.   Alternatively, even if this Court addressed the claim on the

merits de novo, the Court concludes that Petitioner's constitutional rights were not violated either

because the son's statement was equally available to Petitioner if he had exercised any diligence

in attempting to ascertain the son's statement or because Petitioner failed to show that the lack of

this statement prejudiced him.

**Procedural History**

On November 17, 2004, Petitioner was sentenced to serve 84 to 200 months in prison.

Dkt. [5] at 2, ¶ 3.  Petitioner did not file a direct appeal, however, he did file a pro se Post

Conviction Relief Act ("PCRA") petition, Dkt. [16-2] at 35 to 42, roughly one week after being

sentenced.  The PCRA Petition was accompanied by a letter indicating "Please find my appeal

for the following case" and referencing his criminal conviction docket number.  Dkt. [16-2] at

44.  The trial court dismissed the PCRA petition as being premature because Petitioner still had

time to file a direct appeal and in the order dismissing the PCRA indicated such to Petitioner.

Dkt. [16-2] at 45 ("The appeal period in this matter has not expired.").  After the time for filing

an appeal had run, Petitioner filed several more PCRA petitions, and after counsel was

appointed, an amended PCRA petition was filed.  Dkt. [16-3] at 16 to 22.  A hearing was

conducted on the amended PCRA petition.  A post hearing brief in support of the amended

PCRA petition was filed by counsel for Petitioner.  Dkt. [16-4] at 1 to 8.  In December 2006, the

PCRA court denied the PCRA petition.  Dkt. [16-5].   Eventually, Petitioner filed an effective

notice of appeal and the PCRA Court ordered Petitioner to file a statement of matters complained

of on appeal.  Petitioner's PCRA counsel moved to withdraw because Petitioner wished him to

do so and the PCRA court granted counsel leave to withdraw but appointed stand by counsel.

Petitioner then proceeded pro se.  The PCRA court again ordered Petitioner to file a statement of

matters complained of on appeal and Petitioner eventually did so.  The PCRA court issued its

opinion in support of its denial of the PCRA petition.  Dkt. [16-5] at 47 to 51.  The PCRA court

also issued a supplemental opinion addressing some issues not addressed in its first opinion

addressing the PCRA petition.  Dkt.  [16-5] at 52 to 55.   Thereafter, Petitioner filed a pro se

brief in the Superior Court.[2]   The Superior Court denied relief on January 3, 2008, affirming the

PCRA court's order dismissing the PCRA petition.  Dkt. [16-5] at 56 to 73.

On September 19, 2008, the Clerk's office received the instant pro se habeas petition.

Meanwhile, before the appeal was filed to the Superior Court and while the counseled

PCRA petition was still pending in the PCRA Court , Petitioner, acting pro se, filed a prior

habeas petition in this Court, which was dismissed without prejudice based upon his non-

exhaustion of his then available state court remedies.  Abbot v. Pa. Dept. Of Corrections, NO.

06-CV-1451 (W.D. Pa.).

On September 19, 2008, the Clerk's office received the instant pro se habeas petition.

---

[2]  Although the answer purports to include a copy of Petitioner's brief to the Superior Court as
Exhibit No. 36, Dkt. [16] at 8, ¶ 6, in fact, no such exhibit number appears in the exhibits.  See Dkt. [16-
5] at 23 (identified as "Commonwealth's Exhibit 35") and Dkt. [16-5] at 27, which is the next numbered
exhibit and which is numbered as "Commonwealth's Exhibit 37" which is the Commonwealth's brief
filed in the Superior Court.  Thus, there is no Exhibit 36 included in the exhibits.

After being granted leave to proceed IFP, the habeas petition was formally docketed.  Dkt. [5].

After being granted an extension of time in which to file, the Respondents filed their answer, in

which they raised, *inter alia*, the defense of procedural default as well as pointing out that the

petition was meritless.  Dkt. [16].  Petitioner then filed what the Clerk's office docketed as a

"partial traverse" Dkt. [24] and a "supplemental traverse." Dkt. [25].   Petitioner also filed a

motion for extension of time in which to file an exhibit, Dkt. [26], which was simply re-docketed

as an Exhibit.  Dkt. [27].[3]

**Analysis**

It appears that Petitioner raises herein two issues:

1.  A NEW TRIAL BASED UPON AFTER DISCOVERED EVIDENCE THAT WAS NOT AVAILABLE PRIOR TO OR DURING TRIAL THAT INCLUDED INFORMATION REGARDING TWO WITNESSES PRESENT AT THE SCENE OF THE CRIME WHOM [sic] GAVE STATEMENTS.  ONE OF THE TWO STATEMENTS WOULD HAVE BEEN SUFFICIENT ENOUGH [sic] TO PROVE THE ESSENTIAL ELEMENTS OF AGGRIVATED [sic] ASSAULT WERE INDEED UN-INTENTIONAL.

2. TO BE FOUND NOT GUILTY OF THE HIGHER OF THE TWO ASSAULTS, AGGRIVATED [sic] ASSAULT AND PAROLED FOURTHWIT [sic].

Dkt. [5] at 5.  In fact however, it appears that the two claims are really related.  Petitioner is

essentially claiming that had the so-called after discovered evidence been produced to Plaintiff,

such evidence would have indicated that Petitioner was not guilty of aggravated assault and

would have established the insufficiency of the evidence of aggravated assault.

---

[3]   It should also be noted that Petitioner filed a motion for release on nominal bond pending the disposition of this habeas petition, Dkt. [9], which the Court denied.  Dkt. [10].  Petitioner filed an appeal of the order denying his release on bond.  Dkt. [14].  As of April 22, 2009, the Court of Appeals dismissed the appeal for lack of appellate jurisdiction.  Abbott v. Gigliotti, No. 08-4839 (3d Cir. Order dated 4/22/09).

4

The factual basis of these claims is that the victim's son, Christopher Michael, one of the two children in the car, when Petitioner and the victim were struggling over keys, gave a statement to the police in a police report which Petitioner contends is exculpatory.[4]  Petitioner contends that this written police report was not provided to Petitioner in discovery and thus violated his Constitutional rights.

This issue was presented to the PCRA trial Court as well as to the Superior Court.  The PCRA trial court addressed this issue as follows:

> The Defendant's second argument is that since the Commonwealth failed to provide the Defendant with mandatory exculpatory discovery prior to trial, the Defendant is entitled to a new trial.
> An issue is deemed waived, for purposes of eligibility for relief under the Post Conviction Relief Act, if the petitioner failed to raise it and if it could have been raised before the trial, at the trial, or on appeal. *Commonwealth v. Appel*, 547 Pa. 171, 689 A.2d 891 (1997).  We note that the Defendant failed to raise this issue until he first filed a PCRA petition.  Therefore, this issue is deemed waived.
> Furthermore, the Commonwealth provided this evidence to the Defendant prior to trial.  The statements were included in the police report, which was delivered to the Defendant.

Dkt. [16-5] at 50.   Petitioner apparently raised this same issue before the Superior Court on his appeal of the PCRA petition and the Superior Court addressed the issue as follows:

> Appellant's final claim is that he suffered prejudice at his trial because of prosecutorial misconduct [in the withholding of the exculpatory statement of the one witness].  We agree with the PCRA court's determination that Appellant has waived this issue for failing to raise it on direct appeal.  PCRA Court Opinion, 6/22/07, at 3 . . . .

Dkt. [16-5] at 71.[5]

---

[4]  The police report is attached hereto as Exhibit A.

[5]  Because Petitioner was not very clear in his presentation of issues to either the PCRA court or to the Superior Court on appeal of the PCRA petition, the PCRA trial Court reworded and re-ordered

(continued...)

**The issue is procedurally defaulted**

Respondents claim that the issue of the non-production of the son's statement was procedurally defaulted. We agree.

Pennsylvania applies a rule of waiver in multiple contexts. An issue not raised at trial or on direct appeal is waived and, *a fortiori*, a failure to file an appeal to the Superior Court at all, waives the issues that could have been raised in that appeal. See Commonwealth v. Agie, 296 A.2d 741, 741 (Pa. 1972)("We have consistently held that issues not raised in the court below are waived and cannot be raised for the first time on appeal to this Court.")(citations omitted); Commonwealth v. Steffish, 365 A.2d 865 (Pa. Super. 1976); Commonwealth v. Mitchell, 445

---

[5](...continued)

Petitioner's issues. The Superior Court adopted the PCRA court's rewording and re-ordering of Petitioner's issues. Dkt. [16-5] at 64 to 65. Because of this re-wording and re-ordering, it is simply not clear from the record whether the Superior Court in the quote in the text was addressing the issue of not producing the son's statement to Petitioner pre trial. To the extent the Superior Court was, then the Superior Court held this issue to be waived.

The other possibility is that the Superior Court addressed this issue when it addressed the issue of "[The PCRA court] abused its discretion and committed an error of law by denying Appellant Post-Conviction Relief." Dkt. [16-5] at 64, ¶3. If, in fact the Superior Court was addressing this issue of failing to produce the son's statement in the police report under the rubric of the PCRA court's abuse of discretion in denying Petitioner relief, then the Superior Court's analysis was as follows:

> Appellant's third issue comprises a comprehensive argument that the PCRA court abused its discretion and committed an error of law by denying collateral relief. We have carefully scrutinized the record certified on appeal in conjunction with our consideration of Appellant's brief and the Commonwealth's response. We see no indication that the PCRA court committed either an abuse of discretion or an error of law. Rather, we find that the record supports the PCRA court's determinations and conclusions. *See* PCRA Court opinions dated 6/22/07, 12/20/06, and 4/17/06. Finding no basis on which we could disagree with the PCRA court, we affirm this issue.

Dkt. [16-5] at 69. This is significant because if the Superior Court held the issue of the non-production of the son's statement waived then the issue may be procedurally defaulted. If the Superior Court addressed the issue on the merits then the AEDPA's deferential standard of review applies to this legal analysis and the issue before this Court is whether the Superior Court's disposition of this claim was contrary to or an unreasonable application of Supreme Court precedent. See, e.g., Thomas v. Horn, 570 F.3d 105 (3d Cir. 2009), *pet. for cert filed*, (Sep 28, 2009)(NO. 09-6823).

A.2d 721, 723 (Pa. 1982)(issues not raised on direct appeal are waived).

      The Court finds that Petitioner's failure to file an effective direct appeal constitutes a waiver of all of his issues under state law.  See Pa. R.A.P. No. 2116(a) (issue must be presented in the Statement of Questions section of brief to the Superior court in order to be considered); Thomas v. Elash, 781 A.2d 170, 176-77 (Pa. Super. 2001)("Although Appellant may have preserved the issues raised in his post trial motions by mailing the motions within 10 days of the verdict, he has now waived those issues by failing to include them in his brief to this Court. . . . Having failed to properly raise and address the issues in his brief, Appellant has precluded our review of his substantive claims.").  This state rule of waiver for failure to file an appeal or failure to raise an issue before the Superior Court appears to be "independent" as it seeks only to ask whether the issue was raised in the Superior Court and hence does not involve any question of federal law.  It also appears adequate as the rule was applied with sufficient consistency at the time of Petitioner's failure to file a direct appeal, and has been, since at least 1992.  See, e.g., Sistrunk v. Vaughn, 96 F.3d 666, 671 n.4 (3d Cir.  1996)("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court.");  Godfrey v. Patrick, CIV.A. 05-1106, 2006 WL 3692598, at *11 (W.D.Pa., Dec. 12, 2006) ("Because this rule of waiver [for failing to raise an issue in the Superior Court] was consistently applied, at least since 1992 and thereafter up to the time Petitioner filed his appeal brief in the Superior Court, i.e., October 29, 2003, it constitutes an 'adequate' state procedural rule for purposes of procedural default.")(footnote omitted). Hence, because Petitioner waived all of his issues under state law by failing to file a direct appeal to the Superior Court and because this state rule of waiver is independent and adequate,

Petitioner has procedurally defaulted all of his claims for purposes of federal habeas law.

While it is true that ineffective assistance of counsel can, where there is a federal right to counsel, serve as "cause" so as to excuse the procedural default, Petitioner knowingly and voluntarily waived the right to counsel, as found by the state courts and not challenged by Petitioner herein.  Hence, having waived his right to counsel, *a fortiori*, he waived his right to effective assistance of counsel and thus, as a matter of logic cannot make any claim of ineffective assistance of his stand-by counsel.  See, e.g., U.S. v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998) ("Morrison claims that his standby counsel ineffectively assisted him. We have held that 'there is no constitutional right to hybrid representation ... where [the defendant] shared the duties of conducting her defense with a lawyer.' *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997), *cert. denied*, 522 U.S. 846, 118 S.Ct. 130, 139 L.Ed.2d 80 (1997). As we held in *Schmidt*, without a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel. *Id.*"); U.S. v. Foster, 230 F.3d 1364 (Table), 2000 WL 1511762, at *1 (8th Cir.  2000) ("At an April 16, 1997 motion hearing, Foster was examined in accordance with *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), after which he knowingly, intelligently, and unequivocally waived his constitutional right to counsel. The district court was not required to re-examine Foster when he discharged his standby counsel on the first day of trial, because he had no constitutional right to standby counsel. For this reason, Foster also cannot claim ineffective assistance of standby counsel.")(some citations omitted).[6]

---

[6] To be explicit, where one has waived the right to counsel, one has waived the right to effective assistance of counsel, as a matter of logic and necessity.  Hence, one cannot be heard to complain that the counsel who was appointed on a stand by basis, as a prudential gesture on the part of the trial court, was ineffective because the accused waived the right to counsel and, therefore, the right to effective

(continued...)

Hence, having no federal constitutional right to stand-by counsel and having otherwise knowingly waived his right to counsel, Petitioner can have no claim of cause in the form of "ineffective assistance of stand-by counsel" for his procedural default of failing to file an effective appeal. See, e.g., Strait v. Beard, No. 4:05-2611, 2007 WL 1880955, at *9 (M.D.Pa. May 10, 2007), wherein the Court cogently explained:

> Finally, the petitioner has procedurally defaulted on the remaining grounds 6, 7, and 8, in the state court by failing to comply with Rule 2116 of the Pennsylvania Rules of Appellate Procedure. The petitioner has failed to allege sufficient cause for his procedural default. To this extent, he argues that his stand-by counsel was ineffective for failing to cure the procedural defects in his statement of questions, which resulted in the Pennsylvania Superior Court not considering the majority of his claims. With respect to the petitioner's argument, although an accused has the right to counsel, he also has the right to represent himself, if the choice is made knowingly, intelligently, and voluntarily. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). An accused does not have the right to "hybrid representation." *McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) ("A defendant does not have a constitutional right to choreograph special appearances by counsel.")[.]  In other words, a defendant who has voluntarily and knowingly waived his right to counsel and is representing himself does not have a Sixth Amendment right to have an attorney serve as co-counsel or stand-by counsel. *See e.g., U.S. v. Schwyhart*, 123 Fed.Appx. 62, 68 (3d Cir. 2005) (non-precedential) (*citing McKaskle v. Wiggins*, 465 U.S. at 183). Thus, the fact that the court appointed the petitioner stand-by counsel to assist him with procedural matters does not change the outcome since there is no constitutional right to stand-by counsel. *See United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998), *quoting United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997) ("We have held that 'there is no constitutional right to hybrid representation ... where [the defendant] shared the duties of conducting her defense with a lawyer.' "). Given this, the petitioner has failed to allege sufficient cause for his procedural default in the state court and grounds 6, 7, and 8 of the

---

[6](...continued)

assistance of counsel.  One cannot have it both ways, at least not under the law of Pennsylvania, Com. v. Warren, 979 A.2d 920, 922-23 (Pa.Super. 2009) (reiterating the longstanding State law bar on hybrid representation) — one cannot both exercise the right to self representation and exercise the right to be represented by counsel in Pennsylvania and Pennsylvania's prohibition on hybrid representation violates no federal constitutional provision.  Thomas v. Carroll, 581 F.3d at 125 ("a defendant does not have a constitutional right to'hybrid' representation,'").

instant petition should be dismissed.

Accordingly, Petitioner has procedurally defaulted this claim.

Despite the fact Respondents had pointed out that Petitioner procedurally defaulted his claims, Petitioner did not argue cause and prejudice and has not established them, as is his burden,[7] nor does it appear that he could do so given that his only apparent claim of cause would be a claim of ineffective assistance of stand-by counsel. Neither has Petitioner argued nor carried his burden to show a miscarriage of justice. Nor on this record could he successfully mount an argument for a miscarriage of justice. Accordingly, having procedurally defaulted this claim, and there being no cause nor a miscarriage of justice, this claim must be dismissed.

**The claim is meritless**

In the alternative, even if he did not procedurally default his claim, we find the issue meritless. First, we find this claim factually meritless. The PCRA court found as a fact that Petitioner did receive the information which he claims he did not, namely that the son reported he did not see Petitioner strike his mom. PCRA court opin., Dkt. [16-5] at 50. ("Furthermore, the Commonwealth provided this evidence to the Defendant prior to trial. The statements were included in the police report, which was delivered to the Defendant."). This finding of fact is entitled to AEDPA deference under 28 U.S.C. 2254(e)(1), which means the factual determination

---

[7] Bousley v. U.S., 523 U.S. 614, 626-27 (1998)(Stevens, J., concurring in part and dissenting in part)(The Government charges petitioner with 'procedural default' because he did not challenge his guilty plea on direct appeal. The Court accepts this argument and therefore places the burden on petitioner to demonstrate either 'cause and prejudice' or 'actual innocence.' See ante, at 1611."); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) ("In such cases, however, applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default.").

is presumed correct and Petitioner has the burden of rebutting the presumably correct fact with

clear and convincing evidence.  Petitioner has failed to do so and hence, has not shown

entitlement to relief.  This is so because his entire claim is premised on the factual contention

that he did not receive prior to trial the information that the son stated he did not see Petitioner

strike his mom.  The PCRA court found to the contrary and Petitioner has failed to rebut this

factual determination with any evidence.[8]

In the alternative, even if not factually meritless, we find this claim legally meritless.  As

we observed earlier, it is possible that the Superior Court addressed this issue on the merits,

finding the claim to be meritless.  Accordingly, to the extent that the Superior Court did address

this issue on the merits, AEDPA's deferential standard of review under 28 U.S.C. § 2254(d)

applies.  This requires Petitioner to demonstrate that the state courts' adjudication of his claim on

the merits resulted in a decision that was contrary to or an unreasonable application of then

extant Supreme Court precedent and/or an unreasonable determination of the facts.  See Matteo

v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999); Werts v. Vaughn, 228 F.3d

178,  197 (3d Cir. 2000)("Relief is appropriate only if the petitioner shows that 'Supreme Court

precedent requires an outcome contrary to that reached by the relevant state court.'").  Petitioner

has not argued – nor established, as is his burden – that the state courts' adjudication was

contrary to or an unreasonable application of then extant Supreme Court precedent or that their

---

[8]  We note that even if the Superior Court had found the claim of the non-production of the son's statement waived under State law, which, as we observed earlier, is one possible construction of the Superior Court's disposition, we are not barred from giving AEDPA deference to the factual determination of the PCRA trial court herein.  See, e.g., Thomas v. Horn, 570 F.3d at 116  ("the § 2254(e)(1) presumption of correctness applies regardless of whether here has been an 'adjudication on the merits' for purposes of § 2254(d)") (quoting Nara v. Frank, 488 F.3d 187, 200-01 (3d Cir. 2007)).

decisions involved an unreasonable determination of the facts.  Nor do we find the state courts'

adjudication to amount to such.  Hence, the petition is legally meritless under AEDPA and must

be dismissed.

Lastly, even if we were to review this issue *de novo*, we would still dismiss the claim.

Essentially, Petitioner's claim is that the alleged failure to disclose the son's statement that he did

not see Petitioner strike his mom, violated Petitioner's rights under Brady v. Maryland, 373 U.S.

83 (1963).

Brady establishes the framework for analyzing due process claims when the government

has withheld evidence favorable to the defendant and that evidence is material to his guilt or the

punishment.  Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976).  There is a

> four-prong test to determine if a Brady violation has occurred mandating a new
> trial. . . . [T]o establish a Brady violation a defendant must prove the following:
> (1) that the government possessed evidence favorable to the defendant (including
> impeachment evidence); (2) that the defendant does not possess the evidence nor
> could he obtain it himself with any reasonable diligence; (3) that the prosecution
> suppressed the favorable evidence; and (4) that had the evidence been disclosed to
> the defense, a reasonable probability exists that the outcome of the proceedings
> would have been different.

United States v. Spagnoulo, 960 F.2d 990, 994 (11th Cir. 1992).

Petitioner's argument fails on the second prong, and on the fourth prong.  As to the

second prong, the record shows that Petitioner knew that the son was in the car at the time of the

incident and also knew the son was in the home at the time of the further altercation which

occurred in the kitchen.  The record further shows that Petitioner was in contact with the victim

afterwards as well with the son, whose name is Christopher Michael.[9]  Petitioner has not shown

---

[9]  The notes of testimony of the trial show that Petitioner testified as follows:

(continued...)

that, with the exercise of reasonable diligence, through this contact with Christopher Michael or otherwise, Petitioner could not have obtained this information.   Hence, Petitioner fails to show, as is his burden, that he did "not possess the evidence nor could he obtain it himself with any reasonable diligence."  Spagnoulo, 960 F.2d at 994.

In addition, Petitioner's Brady claim fails on the fourth prong as well.  Petitioner fails to establish, as is his burden, that he was prejudiced, i.e., that "a reasonable probability exists that the outcome of the proceedings would have been different."  Id.  In light of the very substantial evidence of Petitioner's guilt produced at trial and the fact that Petitioner himself took the stand in his own defense, and the jury had before it both versions of the events and the jury obviously

_____

[9](...continued)

Q. Isn't it true that you have had continuing contact with this victim since the time of the incident?

A  What kind of contact?

Q  By letter.

A  By letter from where?

Q  You heard [sic] or you haven't, Mr. Abbott, did you have contact by letter with the victim since the time of the incident?

A  Yes, I have.

Q  How many letters do you think you wrote all tolled? [sic]

A  I don't know.

Q  Five, 10, 15?

A   I don't know, Miss Studeny, because a lot of my letters I have wrote to Chris Michael as well as the pictures I drew for Chris.

N.T., Aug. 24, 2004 at p. 145, lines 19 to 25 and at p. 145, lines 1 to 13.

discredited Petitioner's version, and credited the Commonwealth's version, Petitioner cannot establish the necessary prejudice under Brady. Morever, the son's statement merely says he did not see Petitioner strike the victim in the car. However, the aggravated assault could have been based upon what occurred in the kitchen of the home. Immediately after the incident in the car, Petitioner, the victim and the son went into their home. While Petitioner and the victim were in the kitchen of the home, that is when Petitioner hit the victim in the jaw/face causing it to fracture and the victim to fall to the kitchen floor. The son's statement does not exculpate Petitioner from this. The son's statement merely says, he was in the living room with his back towards the kitchen and did not see anything, he just heard his mom, the victim, hit the kitchen floor. In light of the other evidence of guilt, both the victim's testimony and the physical evidence of her being assaulted, we conclude in our *de novo* review, that Petitioner failed to carry his burden to establish prejudice.

In Petitioner's supplemental traverse, Dkt. [25], he appears to raise an issue that the sentencing court erred in calculating his sentence under the Pennsylvania guidelines, i.e., that the sentencing court sentenced Petitioner outside of the guidelines range. Petitioner does not claim that he was sentenced to more than the statutory maximum permitted for aggravated assault. To the extent that Petitioner raised this issue for the first time in a traverse, such is improper and a ground to refuse to address it. United States v. Becerra 164 F.3d 631 (Table), 1998 WL 700539, at *1 (9th Cir. 1998)("Claims raised for the first time in a traverse brief are waived. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507-08 (9th Cir. 1994)."). However, even if the Court were to entertain the claim, it would not merit the grant of relief. Petitioner's claimed error in the application of the Pennsylvania sentencing guidelines raises only an issue of State law error

14

which does not provide a ground for relief in habeas.  See, e.g., Jones v. Superintendent of

Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984)(in the context of a challenge to a disparate

sentence, the Court stated "Nor is there support for Jones' assertion that the fourteenth

amendment confers a due process right to the correct determination of issues of state law.");

Yarbrough v. Klopotoski, No. 09-0336, 2009 WL 4810553, at *28 (E.D.Pa. Oct. 30,

2009)(rejecting a claim that the sentence was manifestly excessive, the court held: "This claim

alleges only a violation of Pennsylvania law, and not a violation of the federal Constitution. See

Mem. of Law. at ¶ 16. Thus, this claim is not cognizable in a federal habeas proceeding. *See*

*Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine

state-court determinations on state-law questions.")").

　　　Hence, for any or all of the foregoing reasons, the petition is properly denied.[10]

_____

[10] Respondents read Petitioner's habeas petition as containing a second claim.  Namely, the Respondents read the habeas petition as including a claim that the PCRA court erred in not reinstating Petitioner's direct appeal rights nunc pro tunc. Dkt. [16] at 11.  The Court does not so read the habeas petition but even if it did, such a claim would not merit relief.  First, claims of error occurring in the course of the PCRA proceedings are not cognizable in a federal habeas petition.  Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation. . . . Federal habeas power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment.'");  Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir.), cert. denied, Johnson v. Monroe, 522 U.S. 1003 (1997); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002) ("relief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedure"); Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); Hopkinson v. Shillinger, 866 F.2d 1185, 1219-20 (10th Cir. 1989), on reh'g, 888 F.2d 1286 (1989), overruling on other grounds recognized by Davis v. Maynard, 911 F.2d 415, 417 (10th Cir. 1990); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987). Contra Dickerson v. Walsh, 750 F.2d 150, 153 (1st Cir. 1984).  Second, the Superior Court addressed this issue on the merits and rejected it. Dkt. [16-5] at 68.  Petitioner has not argued, yet alone established that the Superior Court's disposition was contrary to or an unreasonable application of United

(continued...)

**Certificate of Appealability**

Section 2253 of Title 28 U.S.C. generally governs appeals from district court orders regarding habeas petitions.  Section 2253 essentially provides in relevant part that a certificate of appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (C)(2).  There is a difficulty in applying Section 2253(C)(2) when the District Court does not decide the case on the merits, i.e., declines to address questions of constitutional violations, but instead decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

In resolving this difficulty, the Supreme Court in  Slack v. McDaniel, held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. at 484.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Id. at 473.  The test is conjunctive and both prongs must be met.  See Walker v. Government of

---

[10](...continued)
States Supreme Court precedent or an unreasonable determination of the facts.  Hence, this issue does not merit relief.

the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the Petitioner's claims for procedurally defaulting his claims was correct and/or that his constitutional claims were meritless.  Hence, a certificate of appealability is properly denied.

An appropriate Order follows.


/s/ Amy Reynolds Hay
Chief United States Magistrate Judge

cc:    January 28, 2010

cc:    Dominic Joseph Abbott
       GB-5800
       SCI Graterford
       P.O. Box 244
       Graterford, PA 19426


       All counsel of record via CM-ECF